**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **STEVEN G. KETTERER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) **Case No. 4:11cv0986 SNLJ/TCM** |
| | ) |
| **TROY STEELE,**[1] | ) |
| | ) |
| **Respondent.** | ) |

**ORDER AND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Steven G. Ketterer (Petitioner), a Missouri prisoner, petitions the United States District

Court for the Eastern District of Missouri for federal habeas corpus relief from a conviction

after a guilty plea.  See 28 U.S.C. § 2254.  As part of his prayer for relief, Petitioner also

requests an evidentiary hearing.  Respondent filed a response to the petition, along with

exhibits consisting of materials from the underlying state court proceedings.[2]  (See Doc. 8.)

---

[1] Since he filed this federal habeas proceeding, Petitioner has been transferred to the Potosi Correctional Center ("PCC"), where Troy Steele is the Warden.  Therefore, the undersigned will substitute Troy Steele as the Respondent in this case.  See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner is serving concurrent terms of imprisonment as a result of the judgment he is challenging in this habeas proceeding.  Because Petitioner is not challenging a sentence he will serve in the future, it is not necessary to name the Attorney General of Missouri, Chris Koster, as a respondent in this case.  See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] Because the legal file for the underlying state court cases, designated as Respondent's Ex. A [Doc. 8], discloses a complete social security number, see, e.g., Indictment at 5, Amended Judgment at 24, and Offense/Incident Report at 34, the undersigned will direct that the legal file be maintained under seal.

This matter is before the undersigned United States Magistrate for review and a recommended disposition of Petitioner's federal habeas petition, and for resolution of non-dispositive matters. <u>See</u> 28 U.S.C. § 636(b). After careful consideration, the undersigned will recommend the denial of the petition upon concluding that Petitioner is not entitled to relief because the sole ground for relief lacks merit; and will deny Petitioner's request for an evidentiary hearing.

## <u>Background</u>

Petitioner was charged, as a prior and persistent offender, with committing the following offenses on December 27, 2005: first-degree trafficking in violation of Mo. Rev. Stat. § 195.222 (Count I); second-degree trafficking, in violation of Mo. Rev. Stat. § 195.223, by knowingly possessing 90 grams or more of any material containing any quantity of methamphetamine (Count II); possession of a chemical with the intent to create a controlled substance in violation of Mo. Rev. Stat. § 195.420, by knowingly possessing muriatic acid with intent to alter that chemical to create methamphetamine (Count III); and possession of drug paraphernalia with intent to use, in violation of Mo. Rev. Stat. § 195.233 (Count IV). (<u>See</u> Indictment, Legal File, Resp't Ex. A, at 5-7).

Petitioner subsequently entered into an agreement with the State that he would plead guilty to the trafficking and possession offenses charged in Counts II and III; the State would recommend that he receive a twenty-year term of imprisonment on the trafficking offense in Count II and a seven-year term of imprisonment on the possession offense in Count III, with

those sentences running concurrently; the State would dismiss Counts I and IV; and Petitioner would "waive PSI" and be sentenced at the time of the plea. (Plea Agreement, Legal File, Resp't Ex. A, at 8-9.) On July 31, 2007, Petitioner pleaded guilty to Counts II and III; and was sentenced, respectively, to a twenty-year term and a seven-year term of imprisonment, with those sentences running concurrently. (Plea Proceeding Tr., Legal File, Resp't Ex. A, at 10-23; Am. J., Legal File, Resp't Ex. A, at 24-27.) During the plea proceeding, the plea court asked Petitioner, in relevant part, "Were there any motions of any kind, such as a motion to suppress evidence or to suppress a warrant, let's say, that [your attorney] either didn't file or didn't pursue to your satisfaction?" to which Petitioner answered, "No." (Plea Proceeding Tr., Legal File, Resp't Ex. A, at 18.)

While Petitioner did not file a notice of appeal,[3] he did file a timely pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Pet'r Pro se Post-Conviction Mot., Legal File, Resp't Ex. A, at 32-47.) Petitioner presented three claims in that motion: that the guilty plea was not entered knowingly and voluntarily with understanding of the nature of the charges; that there was no factual basis supporting the guilty plea for second-degree trafficking because he "never possessed ninety grams or more" of a material containing methamphetamine; and that his attorney provided ineffective assistance of counsel by failing

---

[3] An appeal from a guilty plea is not the proper time to present federal constitutional claims in state court as "[i]t is well settled that in a direct appeal from a guilty plea, th[e Missouri appellate] court's review is restricted to the subject-matter jurisdiction of the trial court or the sufficiency of the information or indictment." **State v. Goodues**, 277 S.W.3d 324, 326 (Mo. Ct. App. 2009); accord **State ex rel. Simmons v. White**, 866 S.W.2d 443, 446 n.4 (Mo. 1993) (en banc).

or refusing to litigate a meritorious Fourth Amendment claim. (Id. at 33.) With respect to the third claim, Petitioner cited **Georgia v. Randolph**, 547 U.S. 103 (2006), to support his argument that a warrantless search of his "residence" was unconstitutional because his "wife" consented to search of the "residence" from which items were seized but he was present at the time and "unequivocally refused" to give consent to the search. (Pet'r Pro se Post-Conviction Mot., Legal File, Resp't Ex. A, at 33.) Petitioner asserted that "but for counsel's unprofessional representation, [he] would not have pleaded Guilty." (Id.)

Through appointed counsel, Petitioner subsequently filed an amended post-conviction motion, including a request for an evidentiary hearing. (Pet'r Am. Post-Conviction Mot., Legal File, Resp't Ex. A, at 52-58.) In his amended post-conviction motion, Petitioner presented one claim - that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights to the effective assistance of counsel were violated through his plea attorney's failure to advise him properly that the search could be challenged based on a violation of **Randolph**, supra. (Id. at 58.) Petitioner alleged that, absent his attorney's "inefficacy," he would have taken the matter to trial. (Id. at 56.)

The post-conviction motion court ("motion court") denied Petitioner's post-conviction motion without an evidentiary hearing. (Findings of Fact, Conclusions of Law and J., filed Apr. 19, 2010, Legal File, Resp't Ex. A, at 59-63.) In the only point raised in his post-conviction appeal, Petitioner argued that the motion court clearly erred in denying his post-conviction motion without an evidentiary hearing because his attorney provided ineffective

assistance of counsel, in violation of the Fourth, Sixth, and Fourteenth Amendments, by "misadvising" Petitioner about the merits of seeking suppression of the evidence seized from his home based on a warrantless search in his presence and over his objection. (Pet'r Br., Resp't Ex. B, at 7, 8.) Petitioner contended that had his attorney "advised him correctly, he would have chosen to litigate the suppression motion and proceed to trial." (Id.)

The Missouri Court of Appeals for the Eastern District affirmed the motion court's decision in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for the decision. (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated Mar. 22, 2011, Resp't Ex. E.) In its opinion, the state appellate court found, in relevant part, as follows.

> [T]o be entitled to relief, [Petitioner] must allege[, in relevant part,] facts demonstrating that his trial counsel was ineffective under the Strickland [v. Washington, 466 U.S. 668 (1984)] test. Eddy [v. State], 176 S.W.3d [214,] 218 [(Mo. Ct. App. 2005)]. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the [petitioner] must also prove that his Fourth Amendment claim is meritorious. . . . " Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). In this case, a motion to suppress the evidence by the police from the barn would have failed.

> [Petitioner] relies on . . . Randolph for the proposition that police may not search a structure and seize items over the express objection of one physically present co-occupant even if consent is given by another co-occupant. . . . Randolph, 547 U.S. [at] 122-23 . . . . He concludes that since he was physically present and refused officer's initial request to search the barn, the subsequent seizure was illegal and such evidence would have been suppressed. While [Petitioner] correctly identifies the holding of Randolph, the Randolph Court explicitly stated it was drawing a "fine line" with its holding. Id. at 122. The fact pattern in this case falls on the other side of that line. Although [Petitioner] initially refused the officer's request to search the barn, he consented when he later opened it for them. "Consent to search may be expressly given or it may

be implied by a defendant's actions." State v. Garcia, 930 S.W.2d 469, 472 (Mo. [Ct.] App. . . . 1996). Rather than a situation in which one co-occupant consents to a search and the other refuses as contemplated in Randolph, in this case both co-occupants consented to the search, the search and seizure was legal, and any motion to suppress would have failed. As [Petitioner] failed to allege facts supporting a meritorious Fourth Amendment claim, the motion court did not err in refusing to grant him an evidentiary hearing on the matter.

Additionally, even if he had a meritorious Fourth Amendment claim, when [Petitioner] entered his guilty plea, he waived any complaint of ineffective assistance of counsel based on counsel's failure to file a motion to suppress. "[I]f [Petitioner] (a) was aware that, through counsel, he could move to suppress his statements to law enforcement officers and to suppress physical evidence, (b) understood that by entering a plea of guilty he waived the right to file such a motion, and (c) voluntarily enter[ed] a plea, he cannot now successfully complain that trial counsel failed to file a motion to suppress. Patrick v. State, 160 S.W.3d 452, 456 (Mo. App. S.D. 2005) (internal citation omitted). [Petitioner] admits that trial counsel talked with him about a possible motion to suppress, that by pleading guilty he was giving up his right to trial and appeal, and the court found the plea to be voluntary, knowing and intelligent. The motion court did not err in determining that [Petitioner] waived this claim by voluntarily entering a plea of guilty.

As [Petitioner] was unable to [show he was entitled to relief if his alleged facts were true] and waived his claim of ineffective assistance of counsel for failure to file a motion to suppress, the motion court did not clearly err in denying his motion without a hearing.

The Judgment is affirmed.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated Mar. 22, 2011, Resp't Ex. E, at 3-4 (sixteenth alteration in original)).

The state appellate court issued its mandate on April 13, 2011. (See Docket Entries in Ketterer v. State, No. ED94910 (Mo. Ct. App. filed June 21, 2010) (available at

https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited on July 2, 2014).)

Petitioner did not pursue further review of the motion court's judgment.  (See id.)

On May 31, 2011, Petitioner filed his federal habeas petition, in which he presents one ground for relief and requests an evidentiary hearing.  Petitioner argues that his plea attorney provided ineffective representation by failing properly to advise Petitioner regarding the merits of seeking suppression of evidence seized from his residence and this misadvice made his plea involuntary.  If he had not been "misadvised," Petitioner contends, "he would have chosen to litigate the suppression motion and proceed to trial."  In support of the challenge to the search and resulting seizure of evidence, Petitioner cites **Randolph**, supra, and alleges that he was present and did not consent to the search of the premises even though his ex-wife did consent to the search.  Furthermore, Petitioner urges, any consent he may have subsequently provided was involuntary in that it was coerced by threats of property damage.

Respondent counters that, to the extent this claim asserts that Petitioner's consent to search was coerced by threats to damage his property, the claim was not included in any underlying state court proceedings and is defaulted.  As to the rest of the claim, Respondent argues the claim lacks merit.  Respondent does not expressly address Petitioner's request for an evidentiary hearing.

**Discussion**

Procedural Default.  As noted earlier, Petitioner urges, in relevant part, that his consent to the warrantless search was based on alleged threats by the police officers conducting the

search that they would destroy Petitioner's property if he did not give them consent to search. Respondent counters that this aspect of Petitioner's single ground for relief is procedurally barred, and may not be considered on its merits, because Petitioner failed to pursue it in state court.

To avoid procedurally defaulting on a claim, a Petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. **Wemark v. Iowa**, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting, in part, Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)); accord **Baldwin v. Reese**, 541 U.S. 27, 29 (2004). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." **Wemark**, 322 F.3d at 1021 (quoting Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996)). A petitioner must also exhaust his state remedies, by giving "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." **Grass v. Reitz**, 643 F.3d 579, 584 (8th Cir. 2011) (internal quotation marks omitted) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Claims that have not been exhausted and fairly presented to the state courts are procedurally defaulted. **Wemark**, 322 F.3d at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

Missouri requires the raising of constitutional claims at the first available opportunity. See **In re J.M.N.**, 134 S.W.3d 58, 73 (Mo. Ct. App. 2004); **In re T. E.**, 35 S.W.3d 497, 504 (Mo. Ct. App. 2001). Due to the limited scope of a direct appeal after a guilty plea, see note 3, supra, constitutional challenges to the conduct of a plea attorney may be presented to the state court through a post-conviction proceeding under Missouri Supreme Court Rule 24.035. That Rule provides the "exclusive procedure" for presentation to state court of "claims that the conviction or sentence imposed violates the . . . constitution of the United States, including claims of ineffective assistance of . . . counsel." Rule 24.035(b). A decision on a Rule 24.035 motion may be appealed, Rule 24.035(k), and successive motions may not be filed, Rule 24.035(l). Claims that should have been but were not presented in an amended post-conviction motion or on appeal from a denial of a post-conviction motion are procedurally defaulted and may not be considered in a federal habeas proceeding. See, e.g., **Interiano v. Dormire**, 471 F.3d 854, 856 (8th Cir. 2006) (finding that claims not presented in an amended post-conviction motion under Mo. S. Ct. R. 29.15 or in the appeal from the denial of that motion are procedurally defaulted).

Petitioner was, therefore, required to present to a lower state court and an appellate state court, in a post-conviction proceeding under Rule 24.035, any federal constitutional claim he had, including any claim that his plea attorney did not provide effective assistance of counsel. He has not, however, presented the ineffective assistance of counsel claim based on consent to search due to coercion in either his amended post-conviction motion or his post-conviction

appeal. Moreover, he cannot file another Rule 24.035 motion at this time. Under the circumstances, Petitioner has not complied with Missouri's requirements for the presentation to the state courts of that part of his federal habeas claim; Petitioner does not now have a state court remedy for presentation of that claim; and that basis of his sole ground for habeas relief is, therefore, procedurally defaulted. See **id.**; **Sweet v. Delo**, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (finding two of the petitioner's federal habeas claims defaulted because they were not presented at any stage of his post-conviction proceedings and one of the petitioner's claims was defaulted because he "failed to raise it in his post-conviction appeal").

Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. **Sawyer v. Whitley**, 505 U.S. 333, 338-39 (1992); accord **Skillicorn v. Luebbers**, 475 F.3d 965, 976-77 (8th Cir. 2007) ("Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims"). "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] .. . 'impeded [his] efforts to comply with the State's procedural rule.'" **Maples v. Thomas**, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)). There is no exhaustive catalog of the objective impediments "and the precise contours of the cause

requirement have not been clearly defined." **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). If no cause is established, it is unnecessary to consider whether Petitioner has demonstrated prejudice. **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996) (en banc).

Petitioner has not demonstrated any cause for his failure to present to the state courts the procedurally defaulted portion of his sole ground for relief. Due to the absence of cause, the Court will not address the prejudice element of the cause and prejudice standard applicable to procedurally defaulted claims. See **id.**

The fundamental miscarriage of justice exception allowing resolution of a procedurally defaulted claim on its merits "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." **Abdi v. Hatch**, 450 F.3d 334, 338 (8th Cir. 2006). Petitioner must show not only new evidence, but "that 'it is more likely than not that no reasonable [fact-finder] would have convicted him in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord **House v. Bell**, 547 U.S. 518, 536-39 (2006) (Schlup standard applies to determine whether defaulted claims in a first federal habeas petition should be considered based on actual innocence). Evidence is "new" for purposes of this test "if it was 'not available at [the plea] and could not have been discovered earlier through the exercise of due diligence.'" **Osborne**, 411 F.3d at 920 (quoting Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient

to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

Petitioner has not submitted any new evidence of his actual innocence so as to permit this Court to consider the merits of the defaulted portion of Petitioner's ground for relief.

Under the circumstances, the defaulted portion of his ground for relief is procedurally barred due to Petitioner's procedural default and failure to demonstrate either cause and prejudice or a fundamental miscarriage of justice to support consideration of the merits of that portion of his only ground for habeas relief. Therefore, the undersigned will recommend the denial of that portion of Petitioner's federal habeas claim without further consideration of its merits.

Merits - Ineffective Assistance of Counsel - Advice about Seeking Suppression of Evidence Obtained through Warrantless Search.        Petitioner contends his plea attorney provided ineffective assistance by providing incorrect advice about seeking the suppression of evidence obtained through the warrantless search of Petitioner's premises, while Petitioner was present and objected to the search. Respondent argues that the Missouri appellate court reasonably and correctly applied clearly established Federal law in affirming the denial of Petitioner's post-conviction motion. In particular, Respondent urges that the state appellate court properly found the facts did not demonstrate a valid basis for the motion to suppress in that Petitioner ultimately consented to the search.

Standard of Review. "In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] to exercise only limited and deferential review of underlying state court decisions." **Lomholt v. Iowa**, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." **Williams v. Taylor**, 529 U.S. 362, 413 (2000) ("**Taylor**"). If the state court's decision is not "contrary to" clearly established law, then the standard of "unreasonableness" applies and is "meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" **Williams v. Roper**, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Harrington v. Richter, 131 S. Ct. 770, 786 (2011)), cert. denied, 134 S. Ct. 85 (2013). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." **Taylor**, 529 U.S. at

407-08; see also **id.** at 413. "The unreasonable application inquiry is an objective one." **de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009).

In reviewing state court proceedings to ascertain whether they are contrary to or involve an unreasonable application of clearly established federal law, this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." **Cullen v. Pinholster**, 131 S. Ct. 1388, 1398 (2011) (quoting Harrington, 131 S. Ct. at 784, 786). Additionally, this Court's review is limited to consideration of the United States Supreme Court precedents at the time the state court issues its decision on the merits. **Greene v. Fisher**, 132 S. Ct. 38 (2011) (relying on Cullen, supra); accord **Losh v. Fabian**, 592 F.3d 820, 823 (8th Cir. 2010) ("[o]nly rulings in [United States] Supreme Court decisions issued before the state court acts are considered clearly established federal law, for a state court does not act contrary to or unreasonably apply clearly established federal law if there is no controlling [United States] Supreme Court holding on the point" (citations omitted)). The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." **Ryan v. Clarke**, 387 F.3d 785, 790 (8th Cir. 2004) (internal quotation marks omitted) (quoting Jones v.

Luebbers, 359 F.3d 1005, 1011-12 (8th Cir. 2004)). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels. **Smulls**, 535 F.3d at 864-65.

Elements of an Ineffective Assistance of Counsel Claim. An accused's Sixth Amendment right to the assistance of counsel is a right to the effective assistance of counsel. **Marcrum v. Luebbers**, 509 F.3d 489, 502 (8th Cir. 2007) (citing Kimmelman v. Morrison, 477 U.S. 365, 377 (1986)). In **Strickland**, supra, the Supreme Court established a two-part test for determining whether or not an attorney provided effective assistance of counsel. The petitioner must establish both deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," and prejudice, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 687-88, 694. This same two-part standard "applies to challenges to guilty pleas based on [the] ineffective assistance of counsel." **Hill v. Lockhart**, 474 U.S. 52, 57-59 (1985); **Gumangan v. United States**, 254 F.3d 701, 705 (8th

Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001).  Importantly, to prevail on an ineffective assistance of counsel claim in a § 2254 habeas case, Petitioner

> must do more than show that he would have satisfied <u>Strickland</u>'s test if his claim were being analyzed in the first instance, because under [28 U.S.C.] § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. Rather, he must show that the [state appellate court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner.

**Bell v. Cone**, 535 U.S. 685, 698-99 (2002) (one citation omitted); **Underdahl v. Carlson**, 381 F.3d 740, 742 (8th Cir. 2004).

For the performance prong of an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." **Armstrong v. Kemna**, 534 F.3d 857, 863 (8th Cir. 2008) ("**Armstrong**") (citing <u>Strickland</u>, 466 U.S. at 687-89).  "Only reasonable competence, the sort expected of the 'ordinary fallible lawyer,' is demanded by the Sixth Amendment." **White v. Helling**, 194 F.3d 937, 941 (8th Cir. 1999) (quoting <u>Nolan v. Armontrout</u>, 973 F.2d 615, 618 (8th Cir. 1992)).  The court is highly deferential in analyzing counsel's conduct and "'indulg[es] a strong presumption that counsel's conduct falls within the wide range of professional judgment.'" **Armstrong**, 534 F.3d at 863 (quoting <u>Middleton v. Roper</u>, 455 F.3d 838, 846 (8th Cir. 2006)); <u>accord</u> **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) (addressing a claim that counsel provided ineffective assistance with respect to a guilty plea and stating that "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance'" (quoting Strickland, 466 U.S. at 689)).

To establish prejudice, there must be a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; **Armstrong v. Kemna**, 590 F.3d 592, 595-96 (8th Cir. 2010) ("**Kemna**") (quoting McCauley-Bey v. Delo, 97 F.3d 1104, 1105 (8th Cir. 1996)). "'A reasonable probability is [a probability] sufficient to undermine confidence in the outcome.'" **Kemna**, 590 F.3d at 596 (quoting McCauley-Bey, 97 F.3d at 1105); accord **Carroll v. Schriro**, 243 F.3d 1097, 1100 (8th Cir. 2001) (quoting Strickland, 466 U.S. at 694). The petitioner bears the burden of showing such a reasonable probability. **Lawrence v. Armontrout**, 961 F.2d 113, 115 (8th Cir. 1992).

> When a petitioner has pleaded guilty,
>
> [t]he second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill, 474 U.S. at 59; accord **Premo v. Moore**, 131 S. Ct. 733, 743 (2011) (to prevail on the prejudice element of an ineffective assistance of counsel claim related to a guilty plea, the petitioner had to demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' Hill," 474 U.S. at 59). The assessment of prejudice resulting from an attorney's allegedly deficient performance pertaining

to a guilty plea, depends "in large part on a prediction whether" plea negotiations or a trial would have turned out differently.  See **Hill**, 474 U.S. at 59.  Such a prediction must "be made objectively."  **Id.** at 59-60.

The question of prejudice from counsel's performance need not be reached if the performance was not deficient.  See **Parkus v. Bowersox**, 157 F.3d 1136, 1140 (8th Cir. 1998).  Conversely, the question of counsel's allegedly deficient performance need not be reached if a petitioner has failed to show prejudice.  See **Strickland**, 466 U.S. at 697; **Williams v. Locke**, 403 F.3d 1022, 1025 (8th Cir. 2005).

Discussion of Petitioner's Ineffective Assistance of Counsel Claim.  Here, Petitioner has not satisfied his heavy burden to show the incorrectness or unreasonableness of the Missouri Court of Appeals' determination that, due to his consent to the warrantless search of his premises, he had not established his plea counsel provided ineffective assistance in failing to seek suppression of evidence seized during that search.  Because Petitioner's ineffective assistance of counsel claim is based on Petitioner's contention that his attorney should have advised him properly about seeking suppression of the evidence seized during the warrantless search, the undersigned must determine whether or not the state court reasonably determined that a motion to suppress that evidence lacked merit. See, e.g., **Premo**, 131 S. Ct. at 741 (noting, in a habeas case challenging counsel's discussion with the petitioner of a plea bargain before counsel challenged a confession, that a determination that the suppression of the confession would be futile "confirms that [counsel's] representation was adequate under

Strickland, or at least that it would have been reasonable for the state court to reach that conclusion"); **Kimmelman**, 477 U.S. at 374, 375 ("[A] meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim" based on the attorney's failure to file a motion to suppress evidence allegedly obtained in violation of the Fourth Amendment; "[w]hen defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the [petitioner] must also prove that his Fourth Amendment claim" has merit); **Thai v. Mapes**, 412 F.3d 970, 979, 978 (8th Cir. 2005) ("[b]ecause the . . . argument was factually meritless, his counsel was not ineffective for failing to make th[e] argument"; and because the petitioner "cannot show that his counsel performed deficiently by failing to raise a meritless argument," the state court's dismissal of the petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of federal law); **Williams v. Locke**, 403 F.3d 1022 (8th Cir. 2005) (concluding the state court's denial of the petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law because the petitioner did not have a meritorious Fourth Amendment challenge to the search).

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions . . . [including an exception for] a search that is conducted pursuant to consent." **Schneckloth v. Bustamonte**, 412 U.S. 218, 219 (1973) (internal quotation marks and citations omitted); **Florida v. Jimeno**, 500 U.S. 248

(1991) ("we have long approved consensual searches because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so").  Here, the Missouri Court of Appeals found that, while Petitioner initially refused to allow the officers to search the barn, "he consented when he later opened it for them."  The undersigned presumes the state court's factual findings are correct because Petitioner has not rebutted them by clear and convincing evidence and they are supported by the record, see e.g. "Offense/Incident Report" attached to Petitioner's pro se post-conviction motion, Legal File, Resp't Ex. A, at 35.  Because the act of providing access to an area may be deemed consent, the undersigned finds that Petitioner consented to the search of the barn which he opened for the officers wanting to search it.

Under the circumstances, and due to Petitioner's consent to the warrantless search of the barn, the warrantless search was valid under the Fourth Amendment and provided no basis for the suppression of evidence seized during the course of that search.  Because Petitioner's Fourth Amendment issue was not meritorious, Petitioner cannot establish that his attorney provided ineffective assistance in failing to pursue that issue.  The state appellate court having correctly and reasonably found that Petitioner gave consent to the warrantless search of the barn, the undersigned does not need to address the applicability of the United States Supreme Court's 2006 decision in **Randolph** to the 2005 search at issue here.

The state appellate court's decision affirming the motion court's denial of relief on Petitioner's claim that his attorney provided ineffective assistance by providing incorrect advice about the suppression of evidence seized during a warrantless search of Petitioner's

premises, is not contrary to, or an unreasonable application of, clearly established Federal law; and is not based on an unreasonable determination of the facts. Accordingly, that aspect of the only ground for relief in Petitioner's habeas petition should be denied as without merit.

Evidentiary Hearing.  In his prayer for relief, Petitioner asks, in relevant part, that this Court conduct an evidentiary hearing. Respondent has not addressed this request.

In most federal habeas proceedings, an evidentiary hearing is barred under the AEDPA. 28 U.S.C. § 2254(e)(2); **Williams v. Norris**, 576 F.3d 850, 859-60 (8th Cir. 2009). Even if a hearing is statutorily permitted, "the decision whether to grant or deny the requested hearing 'rest[s] in the discretion of the district court.'" **Crawford v. Norris**, 363 Fed. Appx. 428, 429-30 (8th Cir. 2010) (unpublished per curiam opinion) (quoting Williams, 576 F.3d at 860). A hearing may be warranted where it would enable the habeas petitioner "to prove the petition's factual allegations which, if true, would entitle" the petitioner to relief. **Id.** at 430 (quoting Schriro v. Landrigan, 550 U.S. 465, 474 (2007)). "If the factual allegations a petitioner seeks to prove would not entitle him to relief under the relevant standard, then an evidentiary hearing is not required." **Id.**

There is no need for an evidentiary hearing because, as this Court's discussion discloses, the factual allegations supporting Petitioner's sole ground for relief would not entitle him to relief. Petitioner's request for an evidentiary hearing will, therefore, be denied.

## Conclusion

After careful consideration, the undersigned recommends that Petitioner's federal habeas petition be denied because the only ground for relief is procedurally barred in part and otherwise lacks merit.  Accordingly,

**IT IS HEREBY ORDERED** that Troy Steele, Warden of the PCC, is **SUBSTITUTED** as the Respondent in this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file and maintain the Legal File for the underlying state cases (Resp't Ex. A at Document 8) **UNDER SEAL**.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS FINALLY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Steven G. Ketterer be **DENIED** without further proceedings.

The parties are advised that they have **fourteen days** to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this   9th  day of July, 2014.